**PAYNE et al. v. ALLEN et al.**

No. 25750.    Dec. 8, 1936.

Eck E. Brook, for plaintiffs in error.

W. A. Carlile, for defendants in error.

PER CURIAM. Plaintiffs in error were the plaintiffs below, and the defendants in error were the defendants below. Plaintiffs in error will be referred to herein as plaintiffs, and the defendants in error will be referred to herein as defendants.

Fred Payne, plaintiff, was a Cherokee citizen by blood and was the owner of 30 acres of land allotted to him, by reason of his Cherokee blood, as a homestead. He mortgaged said 30 acres of land to the Citizens National Bank of Sallisaw to secure the payment of $400 on the 16th day of March, 1926. He was also the owner of four mules, about 13 head of cattle, a horse and saddle, and some personal property of small value.

Fred Payne was convicted of a felony and sentenced to the State Reformatory at Granite in the year 1926, subsequent to the making of the mortgage to the Citizens National Bank. At the time of his sentence he was indebted to the Citizens National Bank of Sallisaw in the sum of $400 secured by the mortgage above stated. He was indebted to the defendant Allen in a sum of between $120 and $300.

After the plaintiff, Fred Payne, was sentenced and while yet in jail he made a deed to his father, G. W. Payne, conveying the 30 acres of land to the said G. W. Payne. No consideration was paid by G. W. Payne to Fred Payne for the 30 acres of land.

After Fred Payne had gone to the penitentiary, G. W. Payne, joined by his wife, conveyed the 30 acres of land to the defendant, R. F. Allen, for a consideration of $1 and other good and valuable considerations.

At the time R. F. Allen, the defendant, purchased said lands from G. W. Payne, he assumed and agreed to pay the $400 mortgage given to the Citizens National Bank by Fred Payne. In the same transaction G. W. Payne delivered to the defendant, R. F. Allen, the four mules, 13 head of cattle, the horse and saddle, and other personal property, which was also mortgaged to the bank and to the defendant Allen. There was a prior mortgage on this personal property given by G. W. Payne. Allen was forced to pay off the prior chattel mortgage in order to retain the possession of the personal property.

It is plaintiff's contention that he deeded the land to his father, G. W. Payne, in trust without consideration while he, Fred Payne, was in prison; that he made the deed to his father, G. W. Payne, on the advice of his attorney, because his attorney suggested that while he was in prison some one would beat him out of the land if the title remained in him. Fred Payne contends that G. W. Payne conveyed the land to R. F. Allen in satisfaction of his, G. W. Payne's, indebtedness, and without authority from him, Fred Payne, and without any consideration except a pre-existing debt due by G. W. Payne to R. F. Allen, and that the deed from himself to his father, G. W. Payne, was void because the 30 acres of land was the statutory homestead of himself and wife and that the deed not being signed by his wife is void.

The warranty deed from Fred Payne to G. W. Payne may be shown to be without a consideration and to have been intended by the parties to convey to the grantee, G. W. Payne, only the naked legal title as trustee for Fred Payne, the grantor.

There is no question but that the deed from Fred Payne to G. W. Payne was without consideration and that the deed was made by Fred Payne to G. W. Payne as trustee. It is true that G. W. Payne had no authority or right to convey said lands to R. F. Allen in payment of his, G. W. Payne's, indebtedness or in payment of Fred Payne's indebtedness without authority from Fred Payne to make the conveyance. The record in the case shows that a part of the indebtedness owing by G. W. Payne to R. F. Allen was the account of Fred Payne, which had been charged on the books of R. F. Allen to G. W. Payne. Allen and his bookkeeper testified that G. W. Payne assumed the indebtedness of Fred Payne. The books show that on November 15, 1926, after Fred Payne was in the reformatory, then charged the account of G. W. Payne with $122.56, which charge was the account of Fred Payne.

It is not shown by the record where Fred Payne at any time ever authorized his father, G. W. Payne, to assume the indebtedness or to pay Allen the amount of his indebtedness.

Allen contends that he was an innocent purchaser in that he did not know anything about the arrangements between Fred Payne and his father.

Where a person is a bona fide purchaser in good faith and without notice that the

grantor was a trustee, a deed of conveyance by such trustee to such innocent purchaser is a valid and binding grant as against the cestui que trust.

Whether a purchaser of lands is an innocent purchaser for value and without notice that the grantor was not the owner of the equitable as well as the legal title, is a question of fact to be determined by the trial court.

The trial court heard the testimony of all of the parties and found the issue in favor of the defendant Allen, and where a man contends that he is a bona fide purchaser of land without notice of the claims of third persons and the trial court makes a general finding in his favor, such finding will not be disturbed by the appellate court where there is reasonable testimony to support the findings of the court.

Ordinarily a creditor is not an innocent purchaser for value and without notice as against a cestui que trust, who was the owner of the equitable title to the lands. In 66 C. J. page 1106, par. 929, the general rule is stated thus:

"In some jurisdictions the rule is laid down that a purchaser of the legal title to property, who receives the conveyance thereof merely upon the consideration of a prior indebtedness of the grantor, is not entitled to protection as a bona fide purchaser of such property without notice of a prior equity of a third person therein, if he is not placed in any worse condition than before."

But all the authorities hold that where the purchaser of land is in a worse position after the purchase than before because of the transaction, then the purchaser is protected as a bona fide purchaser of said lands. See Noe v. Smith, 67 Okla. 211, 169 P. 1108, and authorities therein cited. In the case at bar, after Allen had purchased the land he paid off or assumed and agreed to pay a mortgage of $400 to the Citizens National Bank, which Fred Payne owed to said bank; at the time the deed was made by G. W. Payne to Allen, Payne also delivered to Allen as a part of the consideration certain livestock, and Allen was forced to pay off a prior mortgage on the livestock in order to retain the same. Allen's position was probably changed for the worse by reason of the transaction and he could not be placed in status quo. The trial court evidently was of this opinion and probably for that reason refused to set aside the transaction.

The contention of the plaintiff that he was a married man and land involved was his homestead is not tenable. The deed from Fred Payne to G. W. Payne recites that Fred Payne was a single man; the testimony of Fred Payne's mother, as shown by the record, is that Fred Payne was a single man at the time he went to the reformatory. We must assume in the absence of proof to the contrary that the recitations of the deed from Fred Payne to G. W. Payne that Fred Payne was a single man at the time that he executed the deed are true, and that Fred Payne married subsequent to the date of the execution of the deed from himself to his father, G. W. Payne.

For the reasons herein stated, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Geo. T. Arnett, H. P. Hosey, and Tom Finney in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Arnett and approved by Mr. Hosey and Mr. Finney, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

McNEILL, C. J., and RILEY, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, V. C. J., and BAYLESS, J., absent.