## WINTER v. KLEIN-SCHULTZ.

No. 27458. Jan. 18, 1938.

Rehearing Denied March 1, 1938.

Karl D. Cunningham, for plaintiff in error.

E. M. Bradley, for defendant in error.

GIBSON, J. The defendant in error, Mrs. Julia Schultz, brought suit against the plaintiff in error H. H. Winter, on a promissory note executed by Winter. Mrs. Schultz asserted ownership of the note as an heir and assignee of other heirs of George Klein, deceased, whose estate, on the face of the record, had been duly administered. Copies of portions of the administration proceedings were attached to the amended petition, showing the finding of the probate court that George Klein died in July, 1927, that the note was a part of his estate, distributed to Mrs. Schultz and other named heirs, who were her assignors.

Winter filed an answer, set-off and counterclaim, to which the court sustained a demurrer and rendered judgment on the amended petition of the plaintiff. This judgment is correct, unless it be held that Winter's pleading constitutes a defense. The pleading is long, but the following alleged facts, denials, and admissions are sufficiently determinative of the questions involved.

Winter admits the execution and delivery of the note and the amount due thereon. He denies that George Klein was dead, denies plaintiff is a proper party or a bona fide holder of the note. He then alleges that George Klein was the son and one of the heirs of Henry and Mary Klein; that upon the death of Henry Klein the son George, by agreement, took management and control of the property left to his mother by his father's death; that the plaintiff was the wife of George Klein and until April, 1925, lived with him and knew he was the manager of his mother's estate. He further alleges that in such capacity George Klein received large amounts of money belonging to Mary Klein for which he never accounted; that before an accounting could be had Mary Klein died, leaving as one of her heirs Marie Winter, who, because the estate of Mary Klein had not been administered, was entitled to an accounting from George Klein for her interest in the estate. This right or chose in action Winter claims by written assignment from Marie Winter. Its value he declares is greater than the amount of the note. He further alleges that the money paid him on the note was in reality a part of the estate of Mary Klein held under the control of George Klein. He alleges that Mrs. Schultz is not an innocent purchaser.

To enable him to maintain the position that he has a proper set-off and counterclaim, Winter first maintains that the probate of the estate of George Klein is a nullity, because, he alleges, George Klein was a living person at the time of the probate of his estate, invoking the well-known general, if not universal, rule that the probate of an estate of a living person is a nullity. See 23 C. J. p. 1007, section 30, Executors and Administrators.

We do not think that the pleadings properly raise such an issue. It is not contended that the probate proceedings on their face are irregular. Among the findings of the court in the probate proceedings, as shown by the excerpts pleaded in this case, are the following: That George Klein died at Wichita, Kan., on or about the 26th day of July, 1927, leaving no will, and at the time of his death was a resident of Okeene, Blaine county, Okla., and left property in said county; that he left his widow and three daughters (who are named) as his sole heirs; that the note in question was set over and distributed to these four heirs.

The allegations of the answer, set-off and

counterclaim, pertinent here are the following:

"That defendant admits the execution and delivery of the note sued on to the payee therein named ('George Klein estate') * * * that the amount due thereon as shown by plaintiff's petition, after allowance for all credits given and made, is true and correct; but specifically denies that plaintiff is entitled to recover thereon, and demands strict proof of the death of George Klein."

Then, after allegations pertaining to the estates of Henry Klein and · Mary Klein, and George Klein's relationship with the latter, these allegations appear: "That after the death of the said Mary Klein and on or about the 26th day of July, 1927, the said George Klein was last accounted for as being present in the city of Wichita, Sedgewick county, Kansas, and in so far as this defendant knows or has been able to ascertain on diligent inquiry, the said George Klein has not been seen nor heard from by any person whomsoever knowing him." And (further on in reference to the probate proceedings of the George Klein estate): "That defendant denies the said George Klein is dead and demands of plaintiff strict proof of the death of George Klein."

The plaintiff in error asserts that because his answer pleads that George Klein disappeared on the 26th day of July, 1927, the presumption is that he lived for seven years thereafter. See Modern Woodmen of America v. Michelin, 101 Okla. 217, 225 P. 163. He argues from this that the probate of the estate had within the seven years is void because presumptively George Klein was alive. But there is no inconsistency in the finding of the court as to death and the fact of Klein's being alive in 1927. The judgment of the probate court finding the fact of death cannot give way to the seven-year presumption. Under such a theory no credence could be given to judgments of the probate courts made within seven years after the date a man was last seen alive.

The effect of the pleading of Winter is merely to deny that George Klein is dead because he was seen alive in July, 1927, and presumptively remained alive for seven years thereafter, although he has not been seen or heard from since. The inference to be drawn from the fact of his being seen alive on a certain date cannot be held to overcome the presumption arising from the finding of the probate court that he

was dead when probate of his estate was had.

"A finding of the jurisdictional facts in a domestic judgment is conclusive in a collateral attack upon such judgment where an attempt was made to again put such facts in issue. * * *

" 'County courts of this state have general jurisdiction in probate matters and their orders and judgments will be accorded like force, effect and legal presumption of other courts of general jurisdiction.' " Protest of Gulf Pipe Line Co., 168 Okla. 136, 140, 32 P. (2d) 42, 46.

In that case also the court, following In re Protest of St. Louis-San Francisco Ry. Co., 157 Okla. 131, 11 P. (2d) 189, held that in order to attack a judgment of a court on jurisdictional grounds, definite allegations that the judgment is invalid and the reasons or grounds therefor must be alleged. The allegations here, therefore, are wholly insufficient to attack the probate proceedings as void, and are, of course, insufficient as against a demurrer. The title of plaintiff to the note, accordingly, was complete when the other heirs of George Klein transferred their interests to her.

We think also the fact that Winter made the note to George V. Klein estate and made payments thereon estop him from asserting that it did not belong to the estate. There is no equity in his alleged equitable set-off or counterclaim. He cannot in this action have an accounting from Julia Klein-Schultz for property, if any, received by her as trust funds of Mary Klein, deceased. She is not the sole heir of George Klein, deceased, alleged trustee, and the defendant is not the sole party entitled to an accounting for the property of Mary Klein, deceased. He holds only a 1/35th interest by assignment. The court would have no way to adjust the equities of the various parties, including on the one side the heirs and assignees of heirs of Mary Klein, deceased, and the heirs and assignees of heirs of George Klein, deceased.

There is no allegation in the pleadings that Mary Klein was incompetent, and under the alleged oral contract George Klein was to account to her only when and as she demanded it. There is no allegation that she ever demanded an accounting or was dissatisfied with his management of her property, which she had a right to give him if she wished.

In the case of Barnett v. Kemp (Mo.) 167 S. W. 546, 52 L. R. A. (N. S.) 1185, the Missouri Supreme Court considered a case where the administrator of the estate of Sarah Kemp brought suit for an accounting against her son, George Kemp, on account of his management of property received by her from her husband's estate. The case went to trial, but of the proof the court said:

"While he acted for her, * * * she required him to keep no books, and if he accounted to her it must have been orally after each transaction. If he was required to make settlements, the conclusion is almost inevitable that they were made after the same manner as his reports. No syllable of testimony indicates that she was at any time dissatisfied with this manner of proceeding. * * * Under this state of facts, in the utter absence of evidence to sustain it, we are asked by the plaintiff to require the defendant to do what was never required of him by his mother, viz., render an account of his transactions.

"Living, Mrs. Sarah Kemp may have been unbusinesslike in her methods, but her power to do with her own 'as she chose cannot be questioned. If she chose to give her income or more to her son in exchange for a home and the companionship of those endeared to her by association and ties of blood, a court of conscience, whose decrees should be tempered by sentiment as well as a wholesome sense of right, should not interfere with her choice. Especially is this true where, as in this case, there is no allegation of fraud, unfair dealing or undue influence, and no intimation that she was not, at all times, of sound mind. * * * In our opinion, the facts and circumstances do not justify equitable intervention."

This holding was made notwithstanding admissions made by the defendant that he owed much to the estate for rents he had collected over a period of 20 years. Whilst the case was tried, the holdings of the court indicate what should be necessary to prove, and therefore allege, in order to hold the son liable for 'an accounting.

The allegations here are insufficient to show a right to an accounting from the plaintiff. There was no other defense, since the amount due on the note was admitted.

The judgment is affirmed.

OSBORN, C. J., and PHELPS, HURST, and DAVISON, JJ., concur.