Karl D. Cunningham, of Kingfisher, and Charles Swindall, of Oklahoma City, for plaintiff in error.

McKeever, Stewart & McKeever, of Enid, for defendants in error.

DANNER, J. On September 2, 1936, the plaintiff in error, as plaintiff, brought suit in equity in the district court of Blaine county, Okla., against the defendants in error, as defendants, to establish a trust and for an accounting of trust funds in the hands of George Klein at the time of his death or disappearance.

The background of the suit presents an unusual story, the main facts not being seriously in dispute, and, chronicled in the record and in the briefs of the parties, established the following circumstances: That Henry Klein, father of George Klein, died testate in Blaine county on or about the 7th day of July, 1914. That the will of Henry Klein admitted to probate November 16, 1914, named George Klein, a son, as executor. That George Klein qualified and served as such executor until the estate of the deceased was finally closed and the property distributed under the will some time in September, 1916.

In the will Henry Klein devised and bequeathed to his wife, Mary Klein, all of his estate, real and personal, for her sole use and benefit so long as she lived, and at her death he directed what portion of the estate was to go to each child and each grandchild. The estate consisted of 400 acres of farm lands, a small amount of livestock, 1,700 bushels of wheat, around $600 in cash, and rent due from Henry H. Klein, a son of the testator, amounting to around $2,100.

In the petition it is alleged that on or

about the 25th day of September, 1916, immediately following the closing of the estate of Henry Klein, deceased, Mary Klein, the surviving widow of Henry Klein, entered into a contract in parol with her son George Klein, the defendant, whereby in consideration of the sum of $25 per month, the said Mary Klein employed and retained the said George Klein to take over the active management and control and to look after and care for all the property bequeathed to her under the will of her deceased husband, Henry Klein, including the income therefrom, with authority to invest the proceeds, rent the lands and collect the rents therefrom. That from said 26th day of September, 1916, to the 26th day of July, 1927, the said George Klein, as trustee for Mary Klein, received a large amount of income from the lands in his charge, which income he commingled with funds of his own, and that from such trust funds he acquired title to a large amount of real estate and personal property, aggregating, so it alleged, $50,000 or more, the legal title to which was taken in the name of the said George Klein, the equitable title thereto in truth and in fact belonging to the said Mary Klein, and on her death on April 10, 1925, to her heirs.

It is further alleged that from the 25th day of September, 1916, up to the death of his mother, Mary Klein, the said George Klein never repudiated the trust agreement, and that after the death of his mother he promised and agreed to account to his brothers and sisters for the funds he received from the estate of Mary Klein in trust for the use and benefit of her heirs; that no administrator of the estate of Mary Klein, deceased, had been appointed until the 8th day of October, 1936, on which date the appointment of the plaintiff, H. H. Winter, grandson of Mary Klein, was made by the county court of Blaine county.

It is further alleged that on or about the 26th day of July, 1927, the said George Klein disappeared while delivering cattle to market in Wichita, Kan. That the legal title to the property claimed to have been held in trust by the said George Klein, due to his disappearance, has become vested in the defendants, Julia Klein-Schultz, Georgia V. Klein-Tucker, Rosa I. Lorens and Lavern F. Klein, under a decree of distribution entered in the county court of Blaine county, Okla., in the estate of said George Klein, deceased. That the foregoing heirs at law of said George Klein, deceased, are forced trustees and received the real estate and personal property of the estate of said George Klein, deceased, impressed with the trust agreement of George Klein, deceased, and should be required to account for the interests of Mary Klein, deceased, to the plaintiff, as administrator, for the use and benefit of the brothers and sisters of said George Klein, deceased, and who are the heirs at law of said Mary Klein.

The answer of the defendants is sufficient to challenge every material allegation of the plaintiff's petition, essential to recovery, not specifically admitted.

On the conclusion of the presentation of the plaintiff's evidence the trial court sustained demurrers of the defendants to the evidence. From this order, and the order denying plaintiff's motion for a new trial, the plaintiff appeals. The question presented to the trial court, and here, is, admitting the truth of all of plaintiff's evidence, together with such inferences and conclusions as may reasonably be drawn therefrom, and eliminating all opposing inferences, whether there is any competent evidence tending to support plaintiff's petition. Brown v. Wrightsman, 175 Okla. 189, 51 P. 2d 761; Starmer v. Mid-West Chevrolet Corporation, 175 Okla. 160, 51 P. 2d 786; Save Sales Company of Toledo, Ohio, v. Futral, 180 Okla. 145, 69 P. 2d 349.

In order to recover in the action it was, of course, necessary for the plaintiff to prove by competent evidence the allegations of his petition. In reading the record we are impressed by the fact that the trial court was extremely liberal in the reception of evidence given in behalf of the claims of the plaintiff. As is frequently the case in actions of this na-

ture, much incompetent and irrelevant testimony found its way into the record. This fact, however, is of small consequence in view of the question presented for our determination.

In the nature of the action the burden was on the plaintiff to establish a trust and that trust funds were used by George Klein in paying for the property upon which a trust is sought to be impressed. 65 C. J. 437, 26 R.C.L. 1355. S. A. Apple et al., Adm'rs, v. Hert, 122 Okla. 153, 252 P. 823, 55 A.L.R. 1271. The evidence in this respect must be clear and convincing. 65 C. J. 448; Anson et al. v. Anson et al., 169 Okla. 309, 36 P. 2d 915; Gaines Bros. Company et al. v. Gaines, 176 Okla. 576, 56 P. 2d 869; In re Bruner's Estate, 179 Okla. 339, 65 P. 2d 1209.

The plaintiff relies principally upon the following evidence produced on the trial: That upon the death of Henry Klein he bequeathed to Mary Klein, his wife, for her use during her lifetime, three quarter sections of land. At that time George Klein was the owner of one quarter section of land; that there were about the same number of bushels of wheat produced from each of the three quarter sections of land owned by Mary Klein as was produced from the quarter section owned by George Klein; that in 1914, George Klein sold 5,060 bushels of wheat for $4,074.23; in 1915, $4,838 worth of wheat; in 1916, $1,986 worth of wheat; in 1917, the first year of the World War, he sold $6,235.77 worth of wheat, which was a part of the 1916 crop; in 1917, he sold 4,482 bushels of wheat for $8,677.42. In 1918, he sold 6,436 bushels of wheat for $12,753.35 out of the 1917 crop; from July 15, 1918, to the end of that year, he sold 6,813 bushels of wheat for $13,589.01, and from January 2, 1919, to the end of that year he sold 3,672 bushels of wheat for $8,499.16; from February 17, 1920, to June 19, 1920, he sold 1,172 bushels of wheat for $2,850.58; from July 2, 1920, to December 31, 1920, he sold 2,524 bushels of wheat for $5,846.32; from January 3, 1921, to September 2, 1921, he sold 3,106 bushels of wheat for $4,084.26;

from September 2, 1922, to the end of that year he sold 5,240 bushels of wheat for $5,300; the proceeds of said sales being deposited in the First National Bank of Hitchcock, Okla. There is some evidence relating to the renting of some lands by George Klein on shares, the share coming to the lessor being placed in bins or granaries on George Klein's farm. This testimony adds nothing to the evidence presented relating to the sale of wheat by George Klein and the disposition of the proceeds in the First National Bank of Hitchcock.

Records of deposits by George Klein in the First National Bank of Hitchcock covering these sales, as shown by checks from the elevators made to George Klein personally, were offered in evidence; the price of wheat sold being fixed by the published daily market reports covering the period herein stated. It appears further from the evidence that Mary Klein, the mother, lived in a small house built by George Klein subsequent to the death of his father; that the house was near the home of George Klein; also, that the mother was economical in her living and stayed most of the time closely to the home which had been constructed for her.

Lydia Weiss, a daughter of Mary Klein and a sister of George Klein, testified for the plaintiff; introducing in evidence a letter she received from her brother, George Klein, dated May 1, 1925, written in the German language, which letter is as follows:

"5th month, 1st day, 1925.

"Dear Brother in law and sister with all your children we are all well and wish you the same. We had a nice rain and nice weather now. We have sold mothers belongins. The house brought $210.00 and the rest of the stuff, $44.50, altogether $254.50.

"Expenses of selling the property was $5.00 leaves a balance of $249.50.

"We divided this money in four shares and sending you a check for your part.

"Well, you have some more coming, how much, I don't know; I will buy a

stone and the rest will be divided. I don't know what the stone will cost, but the rest will be divided.

"I don't know how it come about the telegram I sent to you and you had to pay it. I wanted to pay it here but did not have any bill. If you paid it, let me know how much I will send it to you. We could not sent the telegram from here, so had to go to Oklahoma City, so let me know and I will sent it to you. Well that is about all the news. Hope we hear from you soon, and lots

"George Klein and family."

The witness testified that she retained this letter until 1937, when she sent it to Mrs. Winter, the mother of the plaintiff. Mrs. Weiss testified further that she never received any money or property from George Klein subsequent to the date of the latter written by him to her. On cross-examination Mrs. Weiss testified that in 1915, ten years before the letter mentioned herein was written, at his home in Blaine county, George Klein told the witness that there was owing to her about $4,000. This conversation took place approximately one year following the death of Henry Klein and prior to the alleged trust agreement between Mary Klein and George Klein. In these circumstances it is reasonable to assume that in this conversation George Klein referred to property belonging to the estate of Henry Klein which was subsequently distributed under his will to the devisees named therein, including Lydia Weiss, who, under the will of Henry Klein, obtained title to 80 acres of land, and went into possession thereof, on the death of Mary Klein.

It is not contended here that the estate left by Henry Klein was not distributed according to the terms of his will after the death of his widow, Mary Klein.

Letters of administration on the estate of Mary Klein, deceased, were issued to the plaintiff by the county court of Blaine county on the 8th day of October, 1935, on the application of Marie Winter, mother of the plaintiff and a daughter of Mary Klein, deceased. The present action was commenced September 2, 1936, eleven years after the death of Mary Klein and nine years after the disappearance of the defendant George Klein and seven years after the distribution of the estate of said George Klein entered under order of the county court of Blaine county. No claim or demand was asserted against the estate of George Klein by any person interested in the estate of Mary Klein although all of her heirs then living, with the exception of Lydia Weiss, resided in Blaine county or in that vicinity.

The defendants in their answer and in their brief argue that the action should fail because of laches; also that the questions herein involved are res adjudicata. The latter contention is based on evidence introduced on the trial showing that the plaintiff, H. H. Winters, in 1923 borrowed from George Klein $600, executing a note therefor. That the debt was not paid during the lifetime of George Klein and was renewed to his widow, Julia Klein-Schultz, in 1929 or 1930. In an action against the plaintiff on the note brought by Julia Klein-Schultz, the plaintiff, defendant in that action, among other defenses, claimed a set-off or counterclaim based on an assignment to him executed by his mother, Marie Winter, to an interest she claimed in the estate of Mary Klein under the alleged trust relationship of George Klein in the case at bar. That action was decided adversely to the claim of the defendant, H. H. Winter, both in the trial court and here. Winter v. Klein-Schultz, 182 Okla. 231, 76 P. 2d 1051. On the trial of the present case the plaintiff testified that the action here probably would not have been brought by him if he had not been sued in the former action by the widow of George Klein, deceased.

In view of our conclusion on the principal question involved in this appeal, we consider it unnecessary to decide the special defenses asserted by the defendants in their answers and argued in their brief.

Under the record we are of the opinion that the judgment of the trial court

should be sustained. In this action it is sought to impress a trust on property of George Klein distributed to his heirs on the settlement of his estate. There is not a vestige of testimony in the record to show that any money coming into the possession of George Klein went into the property belonging to him at the time of his disappearance. The money deposited by George Klein in the First National Bank of Hitchcock is not traced to any person or into any property. Where it went, or when or how, is not disclosed by the record.

After carefully weighing the evidence, we conclude that it was not of such clear, satisfactory, and convincing character as would have justified the trial court in holding that a resulting trust was established and that the property here involved was impressed with any trust. Accordingly, the judgment is affirmed.

BAYLESS, C. J., and RILEY, CORN, GIBSON, and HURST, JJ., concur. WELCH, V. C. J., and OSBORN and DAVISON, JJ., absent.