BIRDWELL et al. v. ESTES et al.

No. 29977. July 1, 1941.

Rehearing Denied Sept. 23, 1941.

*116 P. 2d 969.*

Bob (R. S.) Howe, T. J. McComb, and John Keahey, all of Oklahoma City, and James W. Rodgers, of Holdenville, for plaintiffs in error.

Dudley Culp, of Seminole, and A. C. Kidd, B. F. Davis, J. A. Patterson, and Earl A. Davis, all of Wewoka, for defendants in error.

BAYLESS, J. Bessie Birdwell et al., children of Meloche Cully Wood, deceased, a full-blood Seminole Indian,

brought an action against J. G. Estes et al., present owners of the land involved, and Billie Wood, their father, and others, to quiet title to certain land. They appeal from a judgment adverse to them.

The theory of plaintiffs is this: Their maternal grandmother died, leaving a tract of land to their mother; that their mother and father, whom they describe as a negro, sold this inherited land for $1,200; that thereafter the land in question was purchased, the deed being taken in their father's name, but the money used to purchase was their mother's, coming from the $1,200 received from the sale of her inherited land; that their father was to hold this land in trust for their mother and her heirs; that their mother died and her children were her sole heirs, the husband and father being a negro and the marriage void under our laws and he incapable of inheriting as a surviving husband; that the father had ignored the trust, had sold the land to the various parties now having conveyances of record; and by reason of all of this, plaintiffs were entitled to have their title quieted. They were in possession under their claim of title.

The defenses generally were general denials, assertions that the purchasers from the father were innocent purchasers, and laches.

Billie Wood, the husband and father, testified as a witness for the plaintiffs, and it may be said shortly that his direct testimony tended in every respect to support and establish their theory. But on cross-examination, he admitted that the title stood in his name at all times, that he represented to the purchasers that he was the sole owner, that he received money for the various interests conveyed, and casually and definitely stamped himself as a person wholly oblivious to the duties of fair dealing with his fellow man or the observance of the ordinary rules of morality and ethics.

Plaintiffs recognize that they must rely wholly on parol evidence to establish the resulting trust, and, of course, defendants agree with this view of the matter, and in addition cite authorities with respect to the character and amount of evidence essential to establish a parol trust in land. Defendants argue that it is in this last particular that plaintiffs have wholly failed.

Our statute permits, section 11809, O. S. 1931, 60 O. A. S. § 137, and this court has held that resulting trusts may be established in land by parol evidence where it is shown that the consideration was furnished by one of the spouses but the title taken and held in the name of the other. Exchange Trust Co. v. Godfrey, 128 Okla. 108, 261 P. 197, and other cases cited in 14 Okla. Dig. (West) 180, Trusts, Key No. 86.

But because of the inherent weakness of these trusts in the light of the provisions of our statutes relating to the subject of trusts, certain safeguards with respect to the degree of proof required have been announced. We have said that the proof essential to the establishment of such a trust must be "clear, cogent and convincing," "clear, satisfactory and convincing," "clear, unequivocal and decisive," and "clear, strong and unequivocal." See cases digested in 14 Okla. Dig. (West), Trusts, Key No. 89 (5), and pocket supplement.

In Gaines Bros. v. Gaines, 176 Okla. 576, 56 P. 2d 869, we said that the person who was seeking to establish a resulting trust in lands had the burden of proof, and that it could only be sustained by evidence of the most satisfactory kind; and in Winter v. Klein, 186 Okla. 74, 96 P. 2d 83, we said the proof necessary to establish a resulting trust should be of the most satisfactory kind.

It must be apparent from our recitation of the evidence of the father of these plaintiffs that it was not of the clear, convincing, and satisfactory nature needed for this purpose. He stood convicted by confession of double-dealing and concealment and misrepresentation. In the findings of fact made by the trial judge this appears: ". . . and

that his (Billie Wood's) conduct together with his statements made and all the evidence introduced impeaches the statement that he makes in regard to the land having been purchased in trust for Meloche. . . ."

This is an equitable action, and while we are required to examine the entire record and to weigh the evidence on the issues, we are not authorized to set aside the findings of the trial judge unless we can say they are against the clear weight of the evidence. We cannot say so in this instance.

There is no need to discuss the other issues involved, since they are material only if the evidence first established a basis for finding a trust.

The judgment appealed from is affirmed.

CORN, V. C. J., and OSBORN, GIBSON, and HURST, JJ., concur.