McCRORY et al. v. EVANS.

No. 30988. June 22, 1943.

*138 P. 2d 823.*

650

J. B. Moore, of Ardmore, for plaintiffs in error.

Williams & Williams, of Ardmore, for defendant in error.

HURST, J. This is an appeal from a judgment in partition. The principal question presented relates to the existence of an alleged resulting trust.

Plaintiff, Willie Evans, sued defendant R. F. McCrory and others, whose interests are not here material, for the partition of 230 acres of land in Carter county, in which he alleged he owned a seven-eighths interest and the defendant a one-eighth interest.

Defendant McCrory, by answer and cross-petition, admitted that plaintiff held legal title to the seven-eighths interest, but alleged that he held it merely as trustee for defendant by reason of an oral contract entered into in 1936 between the parties, wherein (1) defendant agreed to rent to plaintiff his one-eighth interest in such land together with 60 acres adjacent thereto, and a separate tract of 190 acres, at annual rentals of $125 and $150, respectively, and (2) plaintiff agreed that instead of paying such rentals in cash to the defendant he would, for a commission of 5 per cent, use the same in purchasing the seven-eighths interest in question, taking title thereto in his own name, but holding the same for the use and benefit of defendant. Defendant further alleged that in compliance with such agreement plaintiff purchased the seven-eighths interest for a consideration of $1,006.25; that the accrued rentals under the contract amounted to $1,375; and that plaintiff, upon demand, refused to convey such land to defendant. Prayer was that defendant be decreed to be the owner of the equitable title thereto, or in the alternative that he have judgment against plaintiff for the sum of $1,375.

Plaintiff, by reply, denied the contract, and alleged that he had paid defendant all but $25 of the rent due.

At the trial, which was to the court without the intervention of a jury, the evidence was sharply in conflict. Defendant testified that the oral contract was entered into in 1936; that plaintiff took possession of the rental lands thereunder at that time; and that, although some payments had been made thereon, the accrued rentals under the contract at the time of the trial amounted to $1,132.50, consisting of $750 due on the 190-acre tract for the five years 1937-1941, $300 due on the 230-acre tract for the four years 1937-1940, and a balance of $82.50 due on the 60-acre tract for the three years 1935-1937. Upon production of certain checks and receipts, however, he admitted that plaintiff was entitled to a further credit of $390, and that the total unpaid rentals amounted to only $742.50. His son and another witness testified that they were present when the contract was made in 1936, and that plaintiff agreed to purchase the land for defendant. Other witnesses testified that in 1939 and 1940 they heard plaintiff state to defendant that he would execute deeds to him upon settlement of their accounts, although they did not know to what land he referred. Defendant's stenographer testified that when a deed to the land in question was presented to plaintiff for his signature in defendant's office, plaintiff promised to return and sign the same after checking his

and defendant's account, but that upon his return some time later plaintiff and defendant quarreled and that plaintiff left without executing the deed.

Plaintiff, as a witness in his own behalf, denied that he agreed to purchase said land for the use of defendant, and introduced deeds which disclosed that he acquired title to a three-eighths interest in the land in 1939, to three-eighths in 1940, and to one-eighth in 1941. He testified that he rented the 60-acre tract from 1937 until 1940, and that all rent due therefor, except the sum of $25, had been paid; that the 190-acre tract was wooded land covered with blackjack trees and was of practically no value; that in 1939 and 1940 he rented the 230 acres and the 190 acres from defendant, who was agent therefor, at a combined annual rental of $150, but that he had not rented such lands in any other years, and that in 1940 defendant gave him credit on the rental for the three-eighths interest in the 230-acre tract he then owned.

He produced seven receipts for rent paid defendant subsequent to May, 1938, at least three of which were given after plaintiff had acquired three-eighths interest in the land. One receipt was for $75, was signed by defendant's son, and recited that the balance to be paid on the 230-acre tract and the 190-acre tract was $75. A Mr. Howenstine testified that he had rented the 230-acre tract from defendant for the years 1937 and 1938 at annual rentals of $87.50 and $125, respectively, and produced canceled checks for part of the rent so paid. Parties who resided near the 190-acre tract testified that it was woods pasture and had lain open as free range prior to 1939, at which time plaintiff took possession of it.

Upon such evidence the trial court found that plaintiff was the owner of seven-eighths interest in the land, ordered partition thereof, and rendered judgment for defendant against plaintiff in the sum of $25 for the rent admitted by plaintiff to be due defendant. Defendant appeals.

Defendant urges as his sole proposition that the judgment of the trial court is clearly against the weight of the evidence.

While a resulting trust may be established by parol evidence (Gaines Bros. v. Gaines, 176 Okla. 576, 56 P. 2d 869), the burden of proving the same rests upon the party seeking its enforcement (Maynard v. Taylor, 185 Okla. 268, 91 P. 2d 649), and the proof thereof must be clear, unequivocal and decisive. Birdwell v. Estes, 189 Okla. 379, 116 P. 2d 969; Babcock v. Collison, 73 Okla. 232, 175 P. 762. In ordinary cases of equitable cognizance, the findings of the trial court will not be disturbed upon appeal unless clearly against the weight of the evidence (Moorman v. Pettit, 119 Okla. 22, 248 P. 838), but where, as here, a particular fact is required to be established by proof of a certain degree or character, the two rules must be taken and considered together (see Prairie Development Co. v. Lieberg, 15 Idaho, 379, 98 P. 616) and in such cases this court upon appeal will weigh the evidence and determine whether or not the proof conforms to the required standard. Harrell v. Nash, 192 Okla. 95, 133 P. 2d 748. In making such determination, we will, where the evidence is largely oral and conflicting, make due allowance for the fact that the trial judge saw the witnesses and observed their demeanor while testifying, and give great weight to his judgment as to their credibility and the value of their testimony. Harrell v. Nash, above. It has been well said that upon appeals in cases of equitable cognizance the appellate court "will give deference and weight to the fact findings of the lower court, usually more or less in proportion to the superior advantages possessed by the trial judge in getting at the facts." 5 C. J. S. 757.

In view of such rules and the evidence outlined above, we cannot say the trial court reached the wrong conclusion. It should be remembered that while defendant charged plaintiff with rent in the sum of $150 a year on the

<span></span>

190 acres for the five years 1937-1941, it was established by disinterested witnesses that plaintiff did not take possession thereof until 1939, and the receipt given by defendant's son tends to bear out plaintiff's contention that at such time the 190-acre tract and the 230-acre tract were rented together for the sum of $150 a year. It also seems unusual that if such contract existed, plaintiff should pay, and defendant accept, rent on the lands during the period from 1938 to 1940, when at such time, under defendant's own testimony, plaintiff had not yet recouped his $1,006.25 spent in purchasing the seven-eighths interest in controversy. Defendant does not ask us to disturb the court's finding that the plaintiff owed him but $25 rent.

After carefully considering the evidence and giving proper weight to the decision of the trial judge, we have concluded that the trial court properly held that the defendant failed to establish the resulting trust by clear, unequivocal, and decisive proof and correctly ordered partition of the land.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.