DUNGEY et al. v. DOWDY et al.

No. 31353.    April 17, 1945.

*159 P. 2d 231.*

C. F. Green, of Ada, for plaintiffs in error.

C. H. Lowry, of Paducah, Ky., and Turner M. King, of Ada, for defendants in error.

PER CURIAM. This proceeding was commenced by the State of Oklahoma in escheat. C. W. Dungey died January 9, 1939, leaving real and personal property in Pontotoc county. His estate was probated therein and R. E. Blanks acted as administrator. On the 12th day of October, 1939, the final account of the administrator was approved and a finding made by the probate court that C. W. Dungey died intestate leaving no heirs. On the 17th day of August, 1940, the petition in escheat was filed seeking to declare the property, real and personal, escheated to the State of Oklahoma.

On January 20, 1941, Mina Dowdy, nee Mina Dungey, filed her petition in intervention alleging that she was the child and only heir at law of C. W. Dungey, deceased, and asserting a claim by reason thereof to all of the estate of the said C. W. Dungey.

On the 5th day of April, 1941, E. L. Dungey, Will Dungey, L. A. Dungey, John Dungey, V. H. Dungey, Mrs. R. E. Roscoe, and Dessie Dungey filed their answer and plea in intervention alleging that they were the sons and daughters respectively of John Dungey, brother of

C. W. Dungey, and were the sole and only heirs of C. W. Dungey and entitled to the distribution of his estate.

Issues were formed on said pleadings and the cause was first heard on April 7, 1942. At the conclusion of the proceedings on April 7, 1942, the cause was continued until July 20, 1942, after which judgment was rendered by the trial court in favor of Mina Dowdy, from which E. L. Dungey et al. appeal.

For convenience the parties will be referred to as petitioners, meaning Mina Dowdy, and the defendants, meaning the plaintiffs in error.

Those who testified at the first hearing for the defendants were E. L. Dungey, Claud Bobitt, county clerk, Raymond Green, secretary to the attorney for the defendants, and R. E. Blanks, administrator. Petitioner testified for herself and introduced the depositions of J. W. Hooker, J. E. Adams, Mrs. Nettie Wyatt, and Monroe Wyatt.

It will be unnecessary to detail the evidence except to state that not a witness at the first hearing testified with relation to heirship of defendants except E. L. Dungey. He testified he was a resident of Decatur, Ill. His testimony is reasonably clear and convincing and tends to establish that he and his brothers and sisters are the children of John Dungey, a brother of C. W. Dungey, deceased. The petitioner testified for herself, and in addition thereto J. W. Hooker, her family pastor, J. E. Adams, her stepfather and two neighbors, Mrs. Nettie Wyatt and Monroe Wyatt, gave testimony which, if believed, reasonably discloses that she is a resident of Graves county, Kentucky; that she is the daughter of C. W. Dungey; that C. W. Dungey and her mother separated, and that thereafter C. W. Dungey came to the State of Oklahoma either by way of Illinois or Missouri and established himself as a baker in Wetumka, Okla.

At the conclusion of the testimony the trial court made the statement that in his opinion neither the petitioner nor the defendants had established that they were the heirs of C. W. Dungey, deceased. The cause was continued as above stated and thereupon both parties introduced further evidence. The evidence of the defendants was limited to the statement of a pioneer of Wetumka, Okla., who remembered that John Dungey came to Wetumka some time after 1900 and perhaps about 1905 or 1906 and brought with him a boy. The purport of this testimony was to strengthen the former testimony of E. L. Dungey that he came with his father in 1905 or 1906 and visited C. W. Dungey, at Wetumka.

The petitioner introduced the depositions of J. E. Adams, Nettie Wyatt, and Monroe Wyatt, who identified certain photographs of C. W. Dungey. These photographs were found by the administrator among the papers of C. W. Dungey. At the conclusion of the second hearing the court found in favor of the petitioner as above stated.

Defendants first argue that the trial court erred in receiving the depositions in the first hearing for the reason that the copies of the proceedings in divorce introduced as exhibits to said depositions and the marriage certificate were not duly authenticated. Conceding, without deciding, that this question can be raised on objection to the depositions, we hold that the acceptance of the depositions with the exhibits thereto attached was harmless error. The trial was to the court and there is sufficient evidence without the allegedly unauthenticated exhibits to justify the trial court in holding for the petitioner. As to the remaining objections, to wit, that the depositions were not signed by two of the witnesses, the defendants are in no position to avail themselves of this objection. Exceptions to depositions as a whole shall be in writing, specifying the grounds of objections, and filed with the papers in the cause before the commencement of the trial. 12 O.S. 1941 § 450.

Under this section, where the depositions have been on file for at least one day before the trial as required by 12 O.S. 1941 § 448, it is not sufficient to make verbal objections at the time of the trial. Wichita Falls & N. W. R. Co. v. Davern, 74 Okla. 151, 177 P. 909; Bagg v. Shoenfelt, 71 Okla. 195, 176 P. 511; General Explosives Co. v. Wilcox, 131 Okla. 190, 268 P. 266. The purpose of the foregoing statute is to require that in order to make an attack upon depositions duly filed the objections should be made in writing before the commencement of the trial except where the objection is to the competency and relevancy of the testimony in the depositions. There was no error in overruling the objection to the depositions.

It is next contended that the evidence is insufficient to support the judgment in favor of the petitioner. Defendants have based their argument chiefly upon the statement by the trial court at the conclusion of the first hearing that in his opinion there was not sufficient evidence to establish the right of petitioner. The statement of the trial court was that there was not sufficient evidence to establish that either the defendants or petitioner were heirs of C. W. Dungey, deceased. The proceedings thereafter have been recited as above. There is nothing inconsistent in the finding that the defendants and the petitioner were cousins and thus respectively the nieces, nephews, and daughter of C. W. Dungey, deceased.

We have carefully reviewed the evidence of the witnesses who were the neighbors of Mina Dowdy and are of the opinion that the finding of the trial court that she is the daughter of C. W. Dungey is not clearly against the weight of the evidence.

In an action of equitable cognizance, the findings and conclusion of the trial court will not be disturbed when not clearly against the weight of the evidence. Brazelton v. Lewis, 192 Okla. 568, 137 P. 2d 905; McCrory v. Evans, 192 Okla. 649, 138 P. 2d 823; Melton v. Whitney, 164 Okla. 220, 23 P. 2d 660; Mitchell v. Leonard, 55 Okla. 626, 155 P. 696.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, and DAVISON, JJ., concur.