ANDERSON v. ANDERSON et al.

No. 32216. Oct. 29, 1946.

*173 P. 2d 947.*

E. A. Adriaenssens and Woodson E. Norvell, both of Tulsa, for plaintiff in error.

W. E. Green, J. C. Farmer, Robert J. Woolsey, David H. Sanders, and Otho Flippo, all of Tulsa, for defendants in error.

WELCH, J. The plaintiff Maud Anderson sought cancellation of certain deeds theretofore executed by her conveying certain lands to her children, the defendants. It is her theory that same were executed only upon the express promise and agreement of defendants that the lands would be reconveyed to her by the defendants when the threat of a damage suit against her by a third person was ended. Trial resulted in judgment for defendants, and plaintiff has perfected this appeal.

The gist of plaintiff's contention here is that the findings of fact are against the clear weight of the evidence and that the judgment is contrary to law. The findings will not be disturbed unless against the clear weight of the evidence. Thompson v. Jones, 188 Okla. 16, 105 P. 2d 751; Payne v. Wade, 190 Okla. 222; 122 P. 2d 144; McCrory v. Evans, 192 Okla. 649, 138 P. 2d 823. The judgment is presumed to be correct. Maroney v. Tannehill, 90 Okla. 224, 215 P. 938.

Plaintiff owned a 240-acre tract which for many years had been occupied by her as her home. She was a widow and the mother of four children, two of whom, namely, Katherine and Carl, are defendants herein. Shortly before Christmas of 1934, the defendants, and Pearl, another daughter, all adults, were visiting in the home of the mother when the matter of the proposed marriage of the mother with one Cunningham was discussed, and it seems that it was the consensus of opinion of all discussing

the matter that plaintiff should execute deeds to the land so that Cunningham would not come into any part of it. Shortly thereafter plaintiff procured deeds to be prepared conveying most of the land by seperate parcels to several of the children. Plaintiff caused these deeds to be placed in a bank. The record indicates that plaintiff did not authorize the delivery of same to the grantees at that time.

Plaintiff shortly thereafter married Cunningham.

In the latter part of October, 1939, a man was injured while working on a cistern on the farm. Plaintiff was notified by letter from an attorney that unless she made some adjustment of the damages resulting from the injury, she would be sued for $25,000. She consulted with her attorney and Katherine and possibly others, and it was determined that the deeds should be placed of record, whereupon plaintiff accompanied by Katherine and Carl and others went to the bank where plaintiff procured the deeds and placed same of record. Although the record is not wholly clear as to how the lands were divided as the deeds were originally prepared, the deeds as recorded are as follows: Two separate deeds to Katherine, each conveying 60 acres; one deed conveying 60 acres to Carl and Katherine, and one deed conveying 40 acres to Carl.

Plaintiff had conveyed lands in another county to another child, Lon Anderson. Lon was not a party to this suit. No conveyances were made to the only other child, Pearl. It seems that 20 acres of the 240-acre tract is wholly omitted from any of the conveyances and the record does not show whether such omission was deliberate or otherwise.

Shortly after the deeds were placed of record Katherine moved her household belongings into the farm residence and arranged to live there with her mother. Katherine was then working in Tulsa as a public stenographer and the farm was only a few miles away. After only a few weeks, differences came between plaintiff and Katherine as a result of which Katherine took up her residence elesewhere, and it seems thereafter the personal relations between plaintiff and Katherine were definitely strained.

Subsequently, and prior to this suit, plaintiff demanded that defendants reconvey the land to her. This they refused to do, taking the position that plaintiff had conveyed to them in consideration of love and affection, and in consideration of a life estate in same reserved to plaintiff. They contend that plaintiff voluntarily conveyed to them in accordance with her own desire and in the manner selected and carried out by her.

The only direct evidence to the effect that defendants were to reconvey the land to her is plaintiff's own testimony to that effect. The conveyances are warranty deeds without any reservations.

Plaintiff's testimony is directly and unequivocally contradicted by the testimony of defendants. In addition the evidence shows that at or near the time the deeds were placed of record plaintiff went to her attorney and procured him to draw a contract representing the purpose and agreement of plaintiff and defendants in that respect. That agreement is clearly to the effect that plaintiff retains only a life estate in the lands. There is some controversy as to just what the parties intended to have the attorney include in the contract, but the attorney testified that the said written instrument as prepared by him represented his understanding of what the parties desired and intended. Plaintiff insists that such contract was only a part of their efforts to cause the whole transaction to have the appearance of a bona fide sale and transfer so that the land might not be subjected to execution to satisfy a possible judgment against her, but the trial court seems to have

rejected plaintiff's version thereof and we do not think this record requires us to reach a different conclusion.

It is urged by plaintiff that she was aged, infirm and uneducated and that she was led into these transactions by Katherine, who was a skilled business woman, educated and experienced as such, and that Katherine was plaintiff's favorite child and advisor. The record does not require such view. From the whole record we cannot say that a conclusion to the effect that plaintiff took the lead and dominated the entire course of the transactions would be against the clear weight of the evidence. We may assume that the trial court took that view.

Plaintiff urges that the burden of proof was on the defendants, because of the alleged confidential relations between her and defendants, and that a gift made hastily, improvidently, inequitably, and without competent outside advice will not be sustained.

Whatever burden of proof may have rested on defendants, the state of this record is such that we would not be justified in concluding that same had not been fully met. Their evidence is clear and the truthfulness thereof is attested by the findings of the trial judge upon whom devolved the initial duty of decision in that respect, and the evidence strongly refutes the suggestion that the conveyances were made hastily, improvidently, inequitably or without competent outside advice.

Plaintiff made the deeds, or personally procured their preparation by a county official to whom she customarily went with such matters, and apparently they were drawn outside the presence of any of defendants. She retained possession of them in her bank from 1935 to 1939. They were prepared as she desired and the land was divided according to her desires; she had conveyed other land to Lon and she seems to have a clearly expressed desire that Pearl was to have none of the lands: she advised with her own attorney when she was engaged in placing the deeds of record and procured him to prepare an instrument retaining to her a life state in the lands. The trial court decreed her a life estate in the lands in conformity with such instrument.

Finding no error, the judgment is affirmed.

GIBSON, C. J., HURST, V. C. J., and OSBORN and BAYLESS, JJ., concur.