W. E. GAMMEL, Administrator of the Estate of Samuel Enochs, deceased, Plaintiff in Error,

v.

W. L. ENOCHS, an incompetent person, by Florence Enochs, his Guardian, Defendant in Error.

No. 38814.

Supreme Court of Oklahoma.

July 6, 1960.

Alfred M. Parsons, Shawnee, for plaintiff in error.

Thomas M. Stevens, Robert H. Jones, Shawnee, for defendant in error.

BERRY, Justice.

The defendant in error, W. L. (Will) Enochs, an incompetent, acting through his guardian and wife, Florence Enochs, instituted this action on March 21, 1958, against plaintiff in error, W. E. Gammel, as the administrator of the estate of Samuel (Sam) Enochs, deceased, hereafter referred to as "administrator". Sam Enochs and Will Enochs were brothers. The Enochs will be referred to herein by their first names.

In his amended petition upon which the case was tried to the court, Will alleged in substance that he was an incompetent; that the action was prosecuted on his behalf by Florence as his guardian; that W. E. Gammel was the administrator of the estate of Samuel who died October 10, 1957; that on March 4, 1957, Will owned two tracts of real estate which will be referred to herein as "city property" and "acreage"; that on said date Will and Florence, by separate warranty deeds, conveyed the property to Sam; that "notwithstanding the recitations of consideration paid and received, contained in said deeds, the said Samuel did not in truth and fact pay any consideration for said real estate at the time the same was conveyed to him as aforesaid, or at any other time; that at all times from the date of the deeds, March 4, 1957, until he was placed under guardianship on the 26th day of August, 1957, said (Will) was in full possession and enjoyment of all of the beneficial rights in said land; renting, managing and controlling the same, and receiving the rents and profits therefrom; that said Samuel well knew that no beneficial interest in said real estate was conveyed or intended to be conveyed to him, but that he was holding the legal title to said real estate for said (Will). Plaintiff states further in this connection that Samuel acquired and held the title to said real estate only as trustee for said (Will).; that said (Will) conveyed the legal title to said real estate to said (Sam) by deed, as aforesaid, for the sole purpose of enabling said (Will) to hold, trade or sell

said real estate in (Sam's) name, without him, (Will) appearing of record to be the owner thereof."; that subsequent to August 26, 1957, Sam, and subsequently his administrator, took possession of the real estate so deeded to Sam and collected rents in the aggregate amount of approximately $715; that Sam removed abstracts covering the referred-to property and another piece of property from Will's safe deposit box, which abstracts were of the approximate value of $555; that a claim was filed with Sam's administrator covering the claims and demands upon which Will's action was based. Will prayed that he be declared to be the owner of the city property and acreage; that Sam be declared to have acquired said property as Will's trustee; that Sam's administrator be required to convey "legal title" to Will and to deliver possession thereof to Will; that an accounting be had as to rentals and profits, etc.

A photostat copy of each of the referred-to deeds from Will and Florence to Sam was attached to and made a part of the amended petition. The deeds were executed February 4 and February 5, 1957. In each deed it is stated that the consideration for the deed was "Ten Dollars and other valuable consideration". The deeds purport to convey an absolute and unconditioned fee simple to the property described therein. In each deed it is stated that grantor "warrant title to the" real estate described therein.

Administrator filed a demurrer to Will's amended petition. In his answer administrator renewed his demurrer and for answer denied the allegations of said amended petition. The record fails to show that either demurrer was considered by the court.

Following trial of the case, judgment was entered in Will's favor against administrator. From order denying administrator's motion for new trial, this appeal was perfected.

After counsel for Will had begun examination of the first witness, called in Will's behalf, counsel for administrator objected to the introduction of evidence on the grounds that the amended petition failed to state a cause of action, which objection was overruled and the administrator excepted. At the conclusion of Will's case in chief, administrator demurred to Will's evidence. The court reserved ruling on the demurrer until after each party had rested. At the conclusion of the trial administrator's demurrer was overruled, to which ruling he excepted.

Administrator first contends that the trial court erred in overruling his demurrers to the amended petition and objected to the introduction of evidence on Will's part. Administrator's contention is that "there were no allegations of duress, mistake or fraud, and their failure to plead that it was not the intention of the grantor to convey the property as a gift, and that it was the intentions of the party at the time of conveyance that the property should be re-conveyed upon demand."

As we understand administrator's argument, he contends that in view of the fact that a valuable consideration was recited in each warranty deed in controversy and the further fact that each deed purports to convey an absolute and unconditional fee simple title, Will could only state a cause of action by pleading either fraud or mistake in the making or delivery of the deeds or an express oral agreement on the part of Sam to hold the property in trust. See 89 C.J.S. Trusts, § 105, p. 956, where the rule relied upon by administrator is stated.

█ In Bobier et ux. v. Horn, 95 Okl. 8, 222 P. 238, 241, it is stated that the contention was made that parol evidence was not admissible to show that the deed was not in fact an absolute conveyance, but only a conveyance in trust. In rejecting said contention it was pointed out that in J. I. Case Threshing Machine Co. v. Walton Trust Co., 39 Okl. 748, 136 P. 769, 771, it was said that "Although the deed executed by the bank to Edmonds purported on its face to be a warranty deed, conveying the absolute title, yet hav-

ing been made wholly without consideration by a corporation to one of its officers, for the corporation's benefit, while no writings were entered into declaratory of the terms and conditions and the purposes for which the conveyance was made, it is clear that it was not intended by the deed to convey to the grantee the absolute title or to vest in him a beneficial interest in said lands, but instead to convey only the naked legal title. * * * Resulting trusts not being embraced within the statute of frauds, their existence need not be evidenced by any writing, and may therefore be established by parol evidence."

In the case last above cited, it is stated at page 770 of 136 P. that the deed there involved was "a warranty deed, reciting a cash consideration."

■ In Payne v. Allen, 178 Okl. 328, 62 P.2d 1227, this is said in the first paragraph of the syllabus:

"A warranty deed may be shown to be without a consideration and to have been intended by the parties to convey to the grantee, only the naked legal title as trustee for the grantor."

Our research has lead us to the conclusion that this Court has never departed from the rule laid down in the cited case.

■ The fact that there was no express agreement on Sam's part to reconvey the property in controversy is without significance. In the fifth paragraph of the syllabus to Bobier et ux v. Horn, supra, this is said:

"A resulting trust arises where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, *or from accompanying facts and circumstances,* that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case a trust is implied or results in favor of the grantor whom equity deems to be the real owner." (Emphasis supplied)

See also Trimble et al. v. Boles, 169 Okl. 228, 36 P.2d 861, and cited cases, and 89 C.J.S. Trusts § 102c, p. 948.

■ As we read the amended petition, the allegations thereof clearly show that Will did not intend to give the land in controversy to Sam.

We are of the conviction that the amended petition stated a cause of action.

Administrator contends that "A resulting trust may be established by parol evidence, but the law requires that the proof necessary to establish it should be of the most satisfactory kind. The onus of establishing a resulting trust rests upon him who seeks its enforcement, and before a court of equity will be warranted in making a decree therefor, the evidence must be clear, unequivocal, and decisive."

In the instant case extensive findings of fact were made. The trial court found that on February 4, 1957, Will owned the properties in controversy and that his wife, Florence, also owned two tracts of land; that in the early part of 1957 Will and Florence were having marital difficulties; that on said February 4, 1957, they went to the office of a real estate agent who caused the deeds in controversy to be prepared, and also deeds from Florence by which she conveyed her land to certain relatives; that Will and Florence subsequently returned for the deeds; that on March 4, 1957, Will delivered the deeds in controversy to the County Clerk who, pursuant to Will's request, mailed same to Sam after same were recorded; that in April, 1957, Will engaged a mechanic to clean the septic tank located on the acreage and that Will subsequently paid the mechanic for his services; that Will rented the city property for May, June, July and August, 1957 and collected the rentals; that in May, 1957, Will offered to sell to a Mr. H. the acreage which was then unoccupied; that in June, 1957, Will rented the acreage and collected the June, July and August rentals; that on March 27, 1957, Will paid the last half of the 1956 ad valorem taxes assessed on the acreage;

that on August 26, 1957, Will was adjuded to be an incompetent person and Florence was appointed his guardian; that Sam did not collect nor attempt to collect the rentals on either of the tracts in controversy until September, 1957, when he collected the September rental due on the acreage; that Will intended that Sam "hold only the naked legal title to (the property in controversy) in trust for (Will)"; that Sam "knew nothing about the 'deal' to deed the property to him (as aforesaid) until after it was all over with; and that he did not pay any consideration for said property"; that Sam "knew that no beneficial interest in said real estate was conveyed or intended to be conveyed to him"; that certain rentals were collected by others on the property which, together with the abstracts, should be returned to or paid over to Will.

In our opinion the findings of the trial court are sustained by competent evidence. This is disputed by administrator who contends that (1) a portion of the testimony upon which the findings were made was inadmissible as evidence tending to vary the provisions of the warranty deed; that (2) statements against interest made by Sam were admitted in evidence contrary to the provisions of 12 O.S.1951, § 384, and that (3) statements against interest made by Sam to a county judge were confidential and privileged and were therefore not admissible in evidence.

As heretofore pointed out, parol evidence was admissible to show that it was intended that Sam take title to the property in trust and not as the owner of same. The witnesses who testified relative to admissions against interest made by Sam were not parties to and had no interest in this controversy, and for said reason the provisions of Sec. 384, supra, are inapplicable. The relationship of attorney and client did not exist and apparently had never existed between Sam and the county judge and for said reason Sam's statements to the county judge were not confidential and privileged. See 97 C.J.S. Witnesses § 280, p. 792.

There was competent evidence to the effect that Will's sole reason for placing title to the property in controversy in Sam's name was to sell same if he so desired without the necessity of Florence joining in the deed evidencing the sale. There is no proof relative to Will's and Sam's respective financial condition and it cannot be inferred that Will's financial position was such that he would wish to give the land in controversy to Sam or that Sam's financial condition was such that he was in need of the gift. The record tends to show that the value of said land was approximately $10,000. We assume that if Sam had paid Will for the land, evidence of the payment could and would have been produced. This was not done.

In support of his contention that "proof necessary to establish a trust must be of the most satisfactory kind", administrator points to the testimony of two witnesses who testified that Will admitted to them that Sam was the owner of the acreage. There was competent evidence to the contrary which the trial court, as evidenced by the findings of fact, chose to believe.

Administrator contends that proof of a resulting or constructive trust must be "clear, unequivocal and decisive". As reflected by our opinion in McCrory et al. v. Evans, 192 Okl. 649, 138 P.2d 823, and cited cases, such is the rule in this jurisdiction. We are, however, convinced that there was competent evidence which clearly, unequivocally and decisively established that Sam held naked legal title to the property in controversy in trust for Will. We refer to the fact that no consideration was paid for the conveyances; that there is no evidence that a gift was intended and that there is evidence that a gift was not intended; that after the conveyances Will continued to exercise dominion and control over the properties conveyed; that Sam admitted that the conveyances were made as a matter of convenience and that beneficial title rested in Will. The judgment of the trial court accords with our decisions in Trimble et al. v. Boles, supra; Beall v. Fergeson, 177 Okl. 216, 58 P.2d

598. The facts of each of said cases are analogous to the facts of this case.

 The only grounds upon which administrator questions the trial court's judgment relative to an accounting for rentals and the return of abstracts are that Sam in fact owned the property in controversy and as such owner he or his estate were entitled to take the rentals and retain the abstracts. In view of the fact that Sam did not own the property, neither he nor his administrator are entitled to the rentals or to possession of the abstracts.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.