Henry GEORGE, Essie McAlpine, J. B. George, D. W. George, F. H. George, Zena George, individually and as representatives of and for all persons who may claim an interest in the land described in plaintiffs' petition by virtue of a certain deed dated September 10, 1927, executed by James H. George and Ada George to Henry George upon the land referred to; and the unknown heirs of Henry George, Plaintiffs In Error,

v.

Buryl F. SMITH and Marian B. Smith, Defendants In Error.

No. 36747.

Supreme Court of Oklahoma.

Oct. 18, 1955.

Rehearing Denied Dec. 13, 1955.

Hays & Hays and Carl W. Davis, Oklahoma City, for plaintiffs in error.

Jarman & Jarman, Oklahoma City, for defendants in error.

BLACKBIRD, Justice.

Defendants in error instituted this action, as plaintiffs, against the plaintiffs in error, as defendants, to quiet their title to the surface of 5 acres of land. All of said parties will hereinafter be referred to as they appeared in their pleadings in the trial court.

Therein, both plaintiffs and defendants deraigned their title through one Henry George, who apparently is the father of the defendants D. W. George, F. H. George and J. B. George. The conflicting claims of the adversaries arise out of two different warranty deeds alleged to have been executed and delivered at different times by James H. and Ada George as grantors, to

the said Henry George as grantee, covering the same parcel of land out of which the 5 acres of surface rights involved herein was carved by subsequent purported conveyance. The first of these two base deeds, as shown by copies thereof attached to the pleadings, purports to convey said parcel of land to said grantee "during the period of his natural life as a life estate only and the remainder in fee to his heirs, \* \* \*". In their pleadings, plaintiffs alleged that the estate sought to be conveyed to said grantee was erroneously, mistakenly and unintentionally thus described and that a so-called "correction deed" was thereafter executed and delivered by the same grantors to the same grantee to rectify said error. The latter deed was dated October 23, 1928, and purported to convey to said grantee the entire fee in said land, and contained the representation on its face that it was given to correct the former deed, and that it was the intention of the grantors (named in said former deed) "to convey the said real estate without any reservation."

In their pleadings, the above-named defendants denied that the estate of the grantee was erroneously described in the first deed; they made general denials refuting plaintiffs' allegations that it did not conform to the true intention of the parties thereto and asserted that by said deed the remainder or reversionary interest vested in them. They further alleged that the second or claimed "correction" deed was void, and ineffective to vest in the grantee therein named any part of the fee or reversionary interest. When the principal issues had thus been joined, the trial court sustained a motion filed on behalf of the plaintiffs for judgment on the pleadings; and entered judgment accordingly. Defendants have perfected this appeal from said judgment, contending that the pleadings sufficiently joined issues of fact upon whose merits they were entitled to a trial.

Plaintiffs maintain that the trial court's judgment was correct on the theory that the parties in the first of the above-described deeds could competently and legally effectuate their original true intention by execution, delivery and acceptance of the second deed, citing authorities including Stoner v. Winter, 198 Okl. 293, 177 P.2d 837, 841, in support of the rule that:

"'Where there is no fraud *and the rights of third persons have not intervened,* and equity could have reformed the deed, it may be amended by a subsequent written instrument so as to effectuate the intention of the parties.'" (Emphasis ours.)

They assert that since the defendants' pleadings fail to allege that there was any fraud in the execution and delivery of the second deed, said pleadings, under said rule, raise no material issue of fact to be tried. One weakness in their argument, however, is that they fail to show the complete applicability of said rule to this case by demonstrating that the rights of the defendants are not "rights of third persons" that intervened between the execution of the first deed and the alleged "correction" deed. In fact, on the basis of defendants' allegations, and the rule that a motion for judgment on the pleadings, like a demurrer, admits the untruth of the movants' allegations and the truth of every fact well-pleaded by their adversaries, White v. Knox, 126 Okl. 124, 258 P. 889, it must be assumed, for the purpose of a decision on said motion, that, as alleged by defendants, there was no such reason or justification for the execution and delivery of the alleged "correction" deed as asserted by plaintiffs. When this is done it may be perceived, from an examination of Whitten v. Whitten, 203 Okl. 196, 219 P.2d 228, that both issues of fact and law were joined by the pleadings. It follows that the trial court erred in sustaining plaintiffs' motion. Its judgment is therefore reversed with directions to said court to set it aside and overrule said motion.

JOHNSON, C. J., WILLIAMS, V. C. J., and HALLEY and JACKSON, JJ., concur.

WELCH, CORN and DAVISON, JJ., dissent.