608 F.2d 431
 BUELL CABINET COMPANY, INC., Plaintiff-Appellant,
v.
Richard S. SUDDUTH and Steven H. Janco, Individually, and as
general partners in World Products, a general partnership;
Steven H. Janco and Richard S. Sudduth, d/b/a World
Properties, a joint venture; and Old World Products
Corporation, a corporation; McKee Income Realty Trust, a
business trust organized under the laws of the Commonwealth
of Massachusetts; and Sooner Federal Savings and Loan
Association of Tulsa, Defendants-Appellees.
 No. 78-1788.
 United States Court of Appeals,
Tenth Circuit.
 Submitted March 26, 1979.
Decided Oct. 29, 1979.
 
 Benjamin C. Faulkner of Eagleton, Eagleton & Owens, Inc., Tulsa, Okl., for plaintiff-appellant Buell Cabinet Company, Inc.
 Steven M. Harris, Tulsa, Okl., for defendants-appellees Richard S. Sudduth, Steven H. Janco, World Products, World Properties and Old World Products Corporation.
 Joe Francis, Tulsa, Okl., for defendant-appellee McKee Income Realty Trust.
 Before BARRETT, DOYLE and McKAY, Circuit Judges.
 McKAY, Circuit Judge.
 
 
 1
 In this diversity action, plaintiff Buell Cabinet Co. (Buell) appeals from a grant of summary judgment to defendants and from a denial of its own motion for summary judgment. Because we find that genuine issues of material fact remain to be resolved, we reverse the grant of summary judgment to defendants, affirm the denial of Buell's motion, and remand for trial.
 
 I.
 
 2
 Buell seeks to impose a judgment lien against certain Oklahoma real property, the Commerce Center (Center), which Buell asserts is owned in part by defendant-appellee Sudduth, the judgment debtor. However, Sudduth claims never to have had an individual interest in the property, but rather to have been only a partner or stockholder in entities owning the Center. Since under Oklahoma law a judgment lien attaches only to real property owned by the judgment debtor, Okla.Stat.Ann. tit. 12, § 706 (West Supp.1978), and "(t)he property of a partnership belongs to the firm, and not to the partners," Krone v. Higgins, 195 Okl. 380, 381, 158 P.2d 471, 472 (1945), Quoting First National Bank v. Dunklin, 146 Okl. 81, 293 P. 541 (1930), the status of the Center's ownership is at issue.
 
 
 3
 The undisputed history of the transactions involving the Center is complex. At least as early as December 1974, defendants Janco and Sudduth were partners in a general partnership, World Properties. On March 26, 1975, an entity styled "Stephen H. Janco and Richard S. Sudduth, d/b/a World Properties" entered into and filed for record a Purchase Agreement and Contract for Deed covering the Center. On the same day, a Tulsa bank filed for record, as security for a promissory note executed by Janco and Sudduth, a collateral assignment of the purchase agreement. Several days later a second collateral assignment was executed. In May, Janco and Sudduth filed a Certificate of Fictitious Name designating their partnership "World Properties,"[1] and in June a Certificate of General Partnership for that entity was filed. In July, nearly four months after the actual conveyance, Janco and Sudduth recorded a General Warranty Deed for the Center, with the grantee designated as "Stephen H. Janco and Richard S. Sudduth, d/b/a World Properties." A "Corrected Warranty Deed" was filed by the original grantors in August, listing the grantee as "WORLD PROPERTIES, A General Partnership." This partnership gave two mortgages on the Center and, on February 24, 1976, three days before Buell's lien would have attached to Sudduth's real property, the partnership purported to convey the Center by warranty deed to defendant-appellee Old World Products Corporation, an entity wholly owned by Janco and Sudduth. In April, Stephen H. Janco and Richard S. Sudduth, d/b/a World Properties quitclaimed its interest in the Center to Old World Products Corporation, which in turn conveyed its interest in the Center to defendant-appellee McKee Income Realty Trust.
 
 
 4
 From these undisputed facts and additional material, Buell sought to convince the district court that Stephen H. Janco and Richard S. Sudduth, d/b/a World Properties was a joint venture by which Janco and Sudduth took the Center in their individual capacities, that the "corrected" deed had no legal effect and, because the acknowledged partnership World Properties did not acquire legal title to the Center, that the subsequent conveyances were legally void. Appellees countered that Stephen H. Janco and Richard S. Sudduth, d/b/a World Properties and the general partnership were one and the same the "d/b/a" designation used only until a Certificate of Fictitious Name could be filed. Under appellees' theory, Sudduth at no time had an interest reachable by his personal judgment creditor.
 
 
 5
 On a motion for summary judgment, we must construe the facts in a way most favorable to the nonmovant. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another. See SEC v. American Commodity Exchange, Inc., 546 F.2d 1361, 1365 (10th Cir. 1976). See also C. Wright & A. Miller, Federal Practice and Procedure § 2720, at 464 (1973). The existence of any "genuine issue as to any material fact" precludes the grant of summary judgment. Fed.R.Civ.P. 56(c).
 
 
 6
 On the posture of the case before us, we find, at a minimum, several factual issues involving questions of intent, issues that in this case are inappropriate for resolution on a motion for summary judgment. Questions of intent involve many intangible factors, such as witness credibility, that are best left to the consideration of a factfinder after a full trial. See, e. g., Peoples Outfitting Co. v. General Electric Credit Corp., 549 F.2d 42, 45 (7th Cir. 1977); Exnicious v. United States, 563 F.2d 418, 424-25 (10th Cir. 1977); Jones v. General Tire & Rubber Co., 541 F.2d 660, 663 n.3 (7th Cir. 1976). We need not decide whether intent is ever a suitable subject for summary judgment resolution. We hold only that here it was not.
 
 
 7
 As appellees have reminded us, "Intent is the single most important factor in determining whether a partnership exists." Brief of Appellees at 12, Citing Utility Coal Co. v. Clark, 171 Okl. 79, 41 P.2d 840 (1935). The district court agreed, in its Conclusions of Law, that intent to form a partnership is an essential element of a partnership. Record, vol. 1, at 155, Citing Crest Construction Co. v. Insurance Co. of North America, 417 F.Supp. 564, 568 (W.D.Okl.1976). Nonetheless, the court found that the original deed and corrected deed "did convey the property . . . to the same entity, a partnership." Record, vol. 1, at 155. This summary conclusion without the benefit of a trial was error. Buell did present materials that could support an inference that Stephen H. Janco and Richard S. Sudduth, d/b/a World Properties was not intended to be a partnership and was, in fact, a separate entity. For example, in a deposition Sudduth himself had referred to this organization as "an heir (sic) entity (that) did not exist but just a matter of hours actually." Record, vol. 1, at 104. In Sudduth's words, the entity was created because "we had to buy the building that way." Id. at 103. These assertions, if true, would tend to contradict the district court's finding.[2]
 
 
 8
 Appellees, citing Fourth National Bank v. Cochran, 298 P.2d 784 (Okl.1956), have suggested that the "d/b/a" designation creates a name "such as is commonly employed when a partnership exists," Id. at 788, and is therefore presumptive of a partnership's existence. In light of Thomas v. Colvin, 592 P.2d 982 (Okl.App.1979), in which a "d/b/a" name was held not to create an entity distinct from a sole proprietor for tort liability purposes, appellees' argument may not be supported by Oklahoma law. However, even if it did reflect Oklahoma law with respect to designations of partnerships, it connotes merely a presumption, which could be rebutted by, among other things, the intent evidence discussed above.
 
 
 9
 A genuine issue of material fact also exists with respect to the funds used to purchase the Center. As the district court noted, the applicable statute reads, "Unless the contrary intention appears, property acquired with partnership funds is partnership property." Record, vol. 1, at 856, Quoting Okla.Stat.Ann. tit. 54, § 208 (West 1969) (emphasis added). The court found the Center to be a partnership asset. Record, vol. 1, at 155. However, testimony of the bank loan officer at least permits an inference that the source of purchase funds was not the partnership. Record, vol. 2, deposition of Nicholas E. Fitzgerald, at 15-16. It may be shown that the funds derived from the partnership, but the statutory intent provision requires trial resolution.
 
 
 10
 Of course, if the "corrected" deed were sufficient to rest title to the Center in World Properties, the general partnership, the Center was insulated from the judgment lien. However, with regard to the correction of deeds, Oklahoma appears to follow the general rule enunciated in Corpus Juris Secundum:
 
 
 11
 Where there is no fraud and the rights of third persons have not intervened, and equity could have reformed the deed, it may be amended by a subsequent instrument so as to Effectuate the intention of the parties. . . .
 
 
 12
 . . . As against third persons an alleged defective deed can be cured only by a bill in equity, and not by a confirmation assuming to relate back to the original deed. . . . Where the grantor has divested himself of title, although by mistake he has not conveyed the title in the way in which he intended, he cannot by a subsequent conveyance correct his mistake, there being no title remaining in him to convey . . . .
 
 
 13
 26 C.J.S. Deeds § 31 (1956) (footnotes omitted; emphasis added). See Stoner v. Winter, 198 Okl. 293, 296, 177 P.2d 837, 841 (1946).[3] Hence, the corrected deed was sufficient only if it served to "effectuate the intention of the parties." Determination of this intent is a genuine factual issue to be resolved at trial.
 
 
 14
 In its briefs before this court and the court below, Buell has curiously rested its claim on Sudduth's Record title. Buell has argued that this record title exists because Stephen H. Janco and Richard S. Sudduth, d/b/a World Properties was a joint venture when the title was filed and any attempt to correct the deed was invalid because the property had already been conveyed. As the district court noted, however, under Oklahoma law a "judgment creditor has not the protection of a bona fide purchaser." Record, vol. 1, at 156, Citing Oklahoma State Bank v. Burnett, 65 Okl. 74, 162 P. 1124 (1917); Gilbreath v. Smith, 50 Okl. 42, 150 P. 719 (1915). The recording statutes exist to protect bona fide purchasers and third party creditors, not judicial lienholders. As the quotation from CJS suggests, however, Buell's claim is not dependent on the state of record title. If the facts are as Buell has alleged, Sudduth maintains an attachable interest in the Center.[4]
 
 II.
 
 15
 We affirm the district court's denial of plaintiff Buell's motion for summary judgment. Such facts as the status of Stephen H. Janco and Richard S. Sudduth, d/b/a World Properties, which we believe to be genuinely in dispute, are also necessary for the resolution of Buell's claims. The cause is remanded for further proceedings.
 
 III.
 
 16
 Relying on Federal National Bank & Trust Co. v. Ryan, 588 P.2d 592 (Okl.App.1978), appellees ask this court to award them attorney fees. Appellees read Federal National Bank to say that "an attorney fee is a proper award in cases regarding the attempted enforcement of a judgment lien." Brief of Appellees at 29. We need not decide the merits of this contention. Because we have reversed the district court's grant of summary judgment, we have as yet no prevailing party.
 
 
 
 [1]
 Not filing a Certificate of Fictitious Name would not invalidate the acts of a partnership. It would only prevent the partnership's bringing suit in the state. See Long v. United States, 96 F.Supp. 445, 448 (W.D.Okl.1951)
 
 
 [2]
 Of course, if Stephen H. Janco and Richard S. Sudduth, d/b/a World Properties were found to be a partnership distinct from World Properties but a partnership nonetheless, the appellees would prevail. However, that determination also requires a finding of intent and should be resolved at a trial
 
 
 [3]
 That this general rule applies in Oklahoma is also suggested by the Title Examination Standards of the Oklahoma Bar Association. Brief of Appellant at 18
 
 
 [4]
 We note in passing that Buell has also argued that the attempted conveyances of the Center to Old World and to McKee were not made for fair consideration and should be overturned pursuant to the Uniform Fraudulent Conveyances Act. Okla.Stat.Ann. tit. 24, §§ 101-11 (West Supp.1978). The district court did not address this issue in its Findings of Fact and Conclusions of Law, except indirectly by overruling Buell's objections to the Magistrate's Findings, and we also shall refrain. Buell has no cognizable interest in preventing transfers of the property from one entity insulated from his lien to another. Nor is it important for this case whether the April 1976 quitclaim of any remaining interest of Stephen H. Janco and Richard S. Sudduth, d/b/a World Properties in the Center was for fraudulent consideration; that transfer was after the creation of the judicial lien, if any, and could not defeat an attached interest